### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES R. HAUSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-cv-3013 |
| | ) |
| TODD GREEN; | ) |
| JOSHUA WAGONER; | ) |
| THE GOLD CENTER, INC., | ) |
| an Illinois corporation; | ) |
| ILLINOIS DEPOSITORY | ) |
| CORPORATION, an Illinois | ) |
| corporation; and ILLINOIS | ) |
| ARMORED TRANSPORT, | ) |
| INC., an Illinois corporation, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendants' Todd Green and Joshua Wagoner's Motion to Dismiss and/or Stay Proceedings (d/e 16) and Defendants The Gold Center, Inc., Illinois Depository Corporation, and Illinois Armored Transport, Inc., Notice of Joinder in Motion to Dismiss and/or Stay Proceedings Filed by Defendants Todd Green and Joshua Wagoner (d/e 17) (collectively the Motions). Plaintiff James Hausman alleges that he is a minority shareholder in the corporate defendants The Gold Center, Inc.

(Gold Center), Illinois Depository Corporation (Illinois Depository), and Illinois Armored Transport, Inc. (Illinois Armored) (collectively the Corporations).  Hausman alleges that Defendants Todd Green and Joshua Wagoner are also shareholders in the Corporations.  Hausman alleges that Green and Wagoner committed mismanagement, misappropriation of assets, and other tortious conduct involving the assets of the Corporation.  He also alleges that Green and Wagoner have refused to let him inspect the books and records of the Corporations.

Hausman asks this Court to dissolve the Corporations or order the Defendants to purchase his stock in the Corporations at fair market value (Count I); and order Green and Wagoner to let him inspect the books and records of the Corporations and impose a fine on Green and Wagoner pursuant to 805 ILCS 5/7.75 (Count II).  See Verified Complaint (d/e 1) (Complaint).  The Defendants move to dismiss or stay the Complaint under the Colorado River doctrine, and move to dismiss Count II for failure to state a claim.  For the reasons set forth below, the Court recommends that the Motions should be ALLOWED in part and DENIED in part.

This Court has diversity jurisdiction over this case.  Hausman alleges that he is a citizen of Wisconsin, Green is a citizen of Illinois, and the Corporations are all incorporated in Illinois and have their principal places

of business in Illinois; and that the amount in controversy exceeds $75,000. Complaint ¶ 2; see 28 U.S. C. § 1332. Defendants do not challenge these allegations in the Complaint.

The Defendants bring the Motions under Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failure to state a claim. Defendants' Rule 12(b)(1) portion of the Motions does not challenge the accuracy of the allegations in the Complaint. For purposes of both the Rule 12(b)(1) portions of the Motions and the Rule 12(b)(6) portion of the Motions, the Court assumes the well-pleaded allegations in the Complaint to be true and draw all inferences in favor of Plaintiff James Hausman. See Franzoni v. Hartmax Corp., 300 F.3d 767, 771 (7th Cir. 2002). The parties also rely on matters of public record in a suit brought by Defendant Todd Green against Hausman in Sangamon County, Illinois Circuit Court, Case No. 2015-CH-170 (State Proceeding). The Court may consider matters of public record, such as records of state court proceedings, for purposes of Defendants' Rule 12(b)(6) request. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994). The Court may go beyond the pleadings and consider "whatever evidence has been submitted" for purposes of Defendants' 12(b)(1) request. Capitol Leasing

Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993) (quoting Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979).

## STATEMENT OF FACTS

For many years, Hausman owned all of the stock of the Corporations. Through the Corporations, Hausman operated a business dealing in rare coins, precious metals, and diamonds. The Gold Center operated the retail aspects of the business. Illinois Armored operated a secure transport business for precious metals and diamonds. Illinois Depository operated a secured storage business for precious metals and diamonds. Hausman owned the real estate on which the Corporations operated in Springfield, Illinois (Property).

In 2013, Hausman entered into a transaction to sell 80 percent of the stock in the Corporations to Green (Transaction). As part of the Transaction, the Corporations leased the Property from Hausman on a 5-year lease, with options to renew (Lease). The Lease also gave Green an option to purchase the Property. The terms of the Transaction provided that the Board of Directors of the Corporations consisted of Green, Hausman, and Wagoner. The Transaction also limited the ability to sell shares in the Corporations to unrelated third parties without written

permission of the other shareholders, and provided a mechanism to sell shares at an appraised fair market value.  See Complaint, ¶¶ 25-41.

The Transaction was effective January 31, 2014. Green owned 80 percent of the stock in the Corporations, Hausman owned 20 percent. Wagoner became the new manager of the Corporations.  Wagoner also worked as a manager for Green's other business operation, Green Family Stores, Inc.   Hausman and his wife worked for the Corporations on one-year employment contracts.   Hausman alleges that Green transferred "a 5% equitable or beneficial interest" in the Corporation to Wagoner, and a "2% equitable or beneficial interests" in the Corporations to Mike Quimby. Quimby was also an employee of Green Family Stores, Inc.  Complaint, ¶¶ 7-18, 37-40.

Hausman alleges that Green and Wagoner thereafter mismanaged the Corporations, misappropriated assets, engaged in transactions in violation of law, and engaged in other tortious conduct to the detriment of the Corporation.  Complaint ¶¶ 42-88, 114-21.

On January 21, 2015, less than one year after the effective date of the Transaction, Green sent a notice to Hausman purporting to exercise the option to purchase the Property granted in the Lease.  Hausman alleges that Green could only exercise the option during the last 120 days of the

five-year Lease. On April 14, 2015, Green commenced the State Proceeding in Sangamon County, Illinois Circuit Court. Green sought specific performance on his option to purchase the Property. Hausman filed a counterclaim in response. On January 25, 2017, Green filed a motion to dismiss the Complaint in the State Proceeding voluntarily and without prejudice. Complaint, ¶¶ 90-104.

On February 15, 2017, Hausman called a meeting of the Board of Directors to address resolutions he proposed regarding Green and Wagoner's improper conduct (Resolutions). In February 2017, Hausman also made a formal demand to inspect the books and records of the Corporations. Hausman alleges that Defendants have refused to comply with this demand. Complaint, ¶¶ 86-89.

On March 10, 2017, the Sangamon County, Illinois Circuit Court ruled on Green's motion to dismiss his complaint in the State Proceeding without prejudice. Illinois Circuit Judge John Madonia allowed the motion and made the following docket entry:

> 03/10/2017 Entry regarding motion to dismiss Signed Judge: MADONIA
>
> Present the Plaintiff by Attorney Myers. Plaintiffs Motion to Voluntarily Dismiss Complaint without prejudice is granted.
>
> Judge: MADONIA Clerk: N

>Civil Division Case Closed

>Status: Cause Stricken Report: Terminated Mar 10, 2017

<u>Hausman's Memorandum of Law Urging Denial of Defendants' Motion to Dismiss or stay (Docs.#16 and 17) (d/e 20) (Hausman Response)</u>, Exhibit 1, <u>State Proceedings Docket</u>.

On March 14, 2017, the Board of Directors of the Gold Center convened a meeting. Directors Green and Wagoner voted down Hausman's Resolutions. Green and Wagoner also approved Green's request to begin a study and search relating to relocating the Corporation's business operations to Florida. <u>Complaint</u>, ¶¶ 81-85, 108-09.

The Board of Directors of the Gold Center reconvened on August 31, 2017. At that time, Green announced that he had identified a new location for the Corporations' business operations in Naples, Florida. Hausman alleges that Defendants intend to move the business operations of the Corporations to Naples, Florida, to the detriment of the Corporations and Hausman personally. <u>Complaint</u>, ¶¶ 110-12.

<u>ANALYSIS</u>

Based on the allegations in the Complaint, Hausman has brought two counts against the Defendants. Count I asks the Court to order the dissolution of the Corporations because Green and Wagoner effectively

control the Corporations and "have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent or when the assets of the corporation are being misapplied or wasted." Complaint, ¶ 124. Hausman asks the Court in Count I to: (1) dissolve the Corporations, enjoin the Defendants from disposing of any of the Corporations' assets or records, and appoint a receiver to take over the Corporations to supervise the dissolution; or, in the alternative, (2) require the Defendants to purchase Hausman's stock in the Corporations at fair market value. Hausman seeks this relief pursuant to 805 ILCS 5/12.56.

Hausman asks the Court in Count II to issue a writ of mandamus to require Defendants to produce the Corporations' records for examination, and impose a penalty on Defendants of 10 % of the value of Hausman's stock in the Corporations pursuant to 805 ILCS 5/7.75(d).

In response, the Defendants filed the Motions.

The Defendants first ask the Court to dismiss or stay this case pursuant to the Colorado River doctrine. See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). The Defendants bring this portion of the Motions as a challenge to jurisdiction under Rule 12(b)(1) because they ask this Court to abstain from exercising

jurisdiction.  See Hess v. Kanoski & Associates, 2010 WL 1687824, at *3 (C.D. Ill. April 23, 2010).

The Colorado River doctrine authorizes this Court to dismiss or stay a proceeding when a parallel proceeding is ongoing in another jurisdiction. See Freed v. J.P. Morgan Chase Bank, N.A., 756 F.3d 1013 (7th Cir. 2014). The Defendants argue that Hausman's counterclaim in the State Proceeding is a parallel ongoing proceeding in state court.

The Defendants argue that Hausman's counterclaim is still pending after Judge Madonia allowed Green's motion to dismiss his claims without prejudice voluntarily.  The Defendants cite the Illinois Civil Practice Code, 735 ILCS 5/2-1009(d), which states that a voluntary dismissal of a plaintiff's complaint does not dismiss any pending counterclaims.  Hausman disputes that his counterclaim is currently pending because Judge Madonia signed the above quoted docket entry, which stated, "Case Closed," "Cause Stricken," and "Terminated March 10, 2017."

The Court agrees with Hausman.  Judge Madonia clearly ordered the case closed, the cause stricken, and the State Proceeding terminated.  He signed and approved the docket entry that ordered as much.  His order may be error, and Hausman could theoretically move to set aside the order or reopen the case, but Hausman has not done so.  Because Judge

Madonia closed the State Proceeding, no parallel proceeding is currently ongoing and the Court should not abstain under the Colorado River Doctrine. The Court recommends that the Defendants' Rule 12(b)(1) to dismiss or stay should be denied.

The Defendants move to dismiss Count II because Hausman fails to state a claim for a penalty under 805 ILCS 5/7.75(d). Defendants argue that the penalty authorized under this statute is penal in nature, and federal courts do not exercise jurisdiction to enforce state penal statutes. Schaefer v. H.B. Green Transportation Line, Inc., 232 f.2d 415, 418 (7th Cir. 1956). Hausman concedes that this Court does not have jurisdiction to order a penalty. Hausman Response, at 11. Hausman's claim for a penalty under 805 ILCS 5/7.75(d) should be dismissed.

Hausman argues that the Court has jurisdiction to order the writ of mandamus to force Defendants to make the Corporations' records available for inspection. The Court agrees. The Court can order this relief. See Hess v. Reg-Ellen Machine Tool Corp., 423 F3d 653, 666 (7th Cir. 2005) (exercising supplemental jurisdiction over claim for inspection of records under §7.75(d)). This portion of Count II should not be dismissed.

THEREFORE, IT IS RECOMMENDED that Defendants' Todd Green and Joshua Wagoner's Motion to Dismiss and/or Stay Proceedings (d/e 16)

and Defendants The Gold Center, Inc., Illinois Depository Corporation, and Illinois Armored Transport, Inc., Notice of Joinder in Motion to Dismiss and/or Stay Proceedings Filed by Defendants Todd Green and Joshua Wagoner (d/e 17) should be ALLOWED in part and DENIED in part.  The Court should dismiss Hausman's prayer a penalty under 805 ILCS 5/7.75(d) in Count II, but otherwise deny the Motion.  Hausman should be able to proceed on his claims in Count I and his claim for a writ of mandamus in Count II.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   June 8, 2018

           s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE