# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES R. HAUSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CV-03013 |
| ) | |
| TODD GREEN; JOSHUA WAGNER; ) | |
| THE GOLD CENTER, INC., an ) | |
| Illinois corporation; ILLINOIS ) | |
| DEPOSITORY CORPORATION, ) | |
| an Illinois corporation; and ) | |
| ILLINOIS ARMORED TRANSPORT, ) | |
| INC., an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the objection (d/e 22) to U.S. Magistrate Judge Tom Schanzle-Haskins' Report and Recommendation (d/e 21) filed by Defendants Todd Green and Joshua Wagoner and joined by The Gold Center, Inc., Illinois Depository Corporation, and Illinois Armored Transport, Inc. (the Corporate Defendants) (d/e 23). The Objection is overruled and the Court ACCEPTS the Report and Recommendation. The Motion

Page **1** of **10**

to Dismiss (d/e 16) filed by Defendants Green and Wagoner and joined by the Corporate Defendants (d/e 17) is GRANTED IN PART and DENIED IN PART. The Court dismisses Plaintiff's prayer for a penalty under 805 ILCS 5/7.75(d) in Count II but otherwise denies the Motion.

## I. INTRODUCTION

The Court adopts the Statement of Facts set forth in the Judge Schanzle-Haskins' Report and Recommendation. In sum, the Complaint alleges that, in 2013, Plaintiff entered into a transaction to sell 80% of the stock in the Corporation Defendants to Green. As part of the transaction, the Corporate Defendants leased from Plaintiff the real estate on which the corporations operated on a five-year lease, with options to renew. The lease also gave Green an option to purchase the property. Green transferred a 5% equitable or beneficial interest in the Corporate Defendants to Wagoner, who became the new manager of the Corporate Defendants. Plaintiff, Green, and Wagoner are members of each corporation's board of directors. Plaintiff alleges that Green and Wagoner mismanaged the Corporate Defendants, misappropriated assets, engaged in transactions in violations of law, and engaged in

other tortious conduct to the detriment of the Corporate Defendants.

On April 14, 2015, Green filed suit in Sangamon County Circuit Court against Plaintiff seeking specific performance on his option to purchase the property. Plaintiff filed an affirmative defense and counterclaim in response. The counterclaim alleged that Green breached various provisions of the Shareholder's Agreement and Lease, including that Green failed to comply with the Business Corporation Act, 805 ILCS 5/7.75, by denying Plaintiff complete access to the books and records of the Corporate Defendants.

On January 25, 2017, Green filed a motion to voluntarily dismiss without prejudice the state court case. On March 10, 2017, the state court granted the motion to voluntarily dismiss and made the following docket entry:

> 03/10/2017    Entry regarding motion to dismiss
> Signed Judge: MADONIA
>
> Present the Plaintiff by Attorney Myers. Plaintiff's Motion to Voluntarily Dismiss Complaint without prejudice is granted.
>
> Judge: MADONIA Clerk: N

Civil Division Case Closed

Status: Cause Stricken Report: Terminated Mar 10, 2017

Pl. Resp., Ex. 1 State Court Docket (d/e 20-1).[1]

On January 26, 2018, Plaintiff filed his Complaint in this Court. In Count I, brought pursuant to Section 12.56 of the Illinois Business Corporation Act, Plaintiff asks the Court to either order dissolution of the Corporate Defendants or order Defendants to purchase Plaintiff's stock in the Corporate Defendants at fair market value because Green and Wagoner are acting in a manner that is illegal, oppressive, or fraudulent and are misapplying or wasting corporate assets. In Count II, brought pursuant to Section 7.75 of the Business Corporation Act, Plaintiff asks for a writ of mandamus requiring Defendants to produce the requested records for examination and a penalty of 10% of the value of the shares owned by Plaintiff in the Corporate Defendants.

In March 2018, Defendants Green and Wagoner filed a Motion to Dismiss and/or Stay Proceedings (d/e 16), which the

---

[1] The Court can take judicial notice of state court dockets. See In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets).

Corporate Defendants joined (d/e 17). Defendants assert that Plaintiff's state court counterclaim remains pending and, therefore, this Court should abstain from exercising its jurisdiction over Count I pursuant to the Colorado River doctrine. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Defendants further assert that the Court lacks subject matter jurisdiction to hear the claim in Count III brought under Section 7.75 of the Business Corporation Act.

On May 18, 2018, this Court referred the motions to Judge Schanzle-Haskins for a Report and Recommendation. On June 8, 2018, Judge Schanzle-Haskins filed a Report and Recommendation recommending that this Court dismiss Plaintiff's prayer for a penalty under 805 ILCS 5/7.75(d) in Count II but otherwise deny the Motion. On June 21, 2018, Defendants Green and Wagoner filed objections (d/e 22) to the Report and Recommendation. The Corporate Defendants joined the objections (d/e 23).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court Amay accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions.@ Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

**A. The Court Will Not Stay or Dismiss this Action Under the Colorado River Abstention Doctrine Because No Parallel Suit is Pending in State Court**

Defendants object to Judge Schanzle-Haskins recommendation that the Court deny the motion to dismiss or stay these proceedings pursuant to the Colorado River abstention doctrine.

Under the Colorado River abstention doctrine, a court may, in exceptional circumstances, dismiss or stay a proceeding when a parallel proceeding is pending in state court. See Deb v. SIRVA, Inc., 832 F.3d 800, 814 (7th Cir. 2016); Freed v. J.P. Morgan Chase Bank, N.A., 756 F.3d 1013, 1018 (7th Cir. 2014).

Defendants assert that Plaintiff's counterclaim in state court is a parallel proceeding. Defendants argue that, although Green voluntarily moved to voluntarily dismiss his claim against Plaintiff in the state case, that dismissal did not affect Plaintiff's pending

counterclaim. Defendants cite 735 ILCS 5/2-1009(d), which provides that the voluntary dismissal of the plaintiff's action does not dismiss a pending counterclaim.

Despite the language of the statute, the state court judge closed the case and ordered the cause struck. No further action has occurred in the state court case since that action. Because the state court case is closed, no parallel proceeding is currently pending. While the state court judge's action of closing the case may have been incorrect under Illinois law, the fact remains that no state court proceeding is currently pending. Therefore, Defendants' request that the Court stay or dismiss the proceedings under the Colorado River abstention doctrine is denied. See Document Generation Corp. v. AllMeds, Inc., No. 07-841-GPM, 2009 WL 2848997, at *4 (S.D. Ill. Sept. 1, 2009) (finding the Colorado River abstention doctrine did not apply where there was no parallel suit pending in state court).

**B. The Court Has Jurisdiction to Order the Writ of Mandamus Under 805 ILCS 5/7.75**

On Count II, Judge Schanzle-Haskins recommended that this Court dismiss Plaintiff's prayer for a penalty under 805 ILCS

5/7.75(d) but otherwise deny the motion to dismiss Count II. See Report and Recommendation at 10 (noting that federal courts do not exercise jurisdiction to enforce state penalty statues, a point Plaintiff conceded). Defendants object to the portion of the Recommendation finding that this Court has jurisdiction to enforce the remaining provisions of the Section 7.75. Defendants point to the provision in Section 7.75 that purportedly limits jurisdiction of to state court:

> (c) If the corporation refuses examination, the shareholder may file suit in the circuit court of the county in which either the registered agent or principal office of the corporation is located to compel by mandamus or otherwise such examination as may be proper.

805 ILCS 5/7.75(c). According to Defendants, this statute, along with the lack of cases where a federal court has granted Section 7.75 relief, show that this Court lacks a jurisdictional basis for Count II.

However, "no state may contract jurisdiction created by an Act of Congress." Albert Trostel & Sons Co. v. Notz, 679 F.3d 627, 629 (7th Cir. 2012) (interpreting Wisconsin's corporate code); G.H.A. Lock Joint, Inc. v. Alexander Gammie Assocs, No. 86 C 457,

1986 WL 8052, at *4 (N.D. Ill. July 15, 1986) (noting that federal courts have "uniformly rejected state efforts to circumscribe their diversity jurisdiction by creating state actions enforceable only in state courts). Therefore, because the requirements of diversity jurisdiction are met here—Plaintiff is a citizen of Wisconsin and Defendants are citizens of Illinois and the amount in controversy exceeds $75,000—this Court has a jurisdictional basis for Count II. In addition, although the parties and the Court have found no federal cases where a federal court granted relief under Section 7.75 of the Illinois Business Corporation Act, the Seventh Circuit did review a claim seeking to enforce the right to inspect books and records under Section 7.75. See Hess v. Reg-Elle Mach. Tool Corp., 423 F.3d 653, 665-66 (7th Cir. 2005) (wherein the court did not address jurisdiction but considered a Section 7.75 claim on the merits).

## IV. CONCLUSION

For the reasons stated, Defendants Todd Green and Joshua Wagoner's Objection to Magistrate's Report and Recommendation (d/e 22), joined by The Gold Center, Inc., Illinois Depository Corporation, and Illinois Armored Transport, Inc. (d/e 23) is

OVERRULED.  The Court ACCEPTS the Report and Recommendation (d/e 21).  The Motion to Dismiss (d/e 16) filed by Defendants Green and Wagoner and joined by the Corporate Defendants (d/e 17) is GRANTED IN PART and DENIED IN PART.  The Court dismisses Plaintiff's prayer for a penalty under 805 ILCS 5/7.75(d) in Count II but otherwise denies the Motion.  Defendants shall file an Answer on or before August 3, 2018.

**ENTERED: July 20, 2018**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**